UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Christopher M. Palermo

    v.                                         Civil No. 08-cv-139-PB

Ron White, Superintendent,
Merrimack County Department
of Corrections, et al.[1]

**REPORT AND RECOMMENDATION**

    Christopher Palermo has filed this action, pursuant to 42 U.S.C. § 1983, alleging that the defendants, employees of the Merrimack County Department of Corrections ("MCDC") have violated his federal constitutional and statutory rights to be paid for work he did at the MCDC, and to safe conditions of confinement. The matter is before me for preliminary review to determine, among other things, whether or not Palermo has stated any claim upon which relief might be granted. See 28 U.S.C. § 1915A; United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2).

---

    [1]In addition to Superintendent White, Palermo names Merrimack County Department of Corrections Officer Parent (first name not provided) as a defendant to this action.

Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. Id.  In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded.  See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining

that all "well-pleaded factual averments," not bald assertions, must be accepted as true." This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

Palermo, at all times relevant to this complaint, was a pretrial detainee housed at the MCDC. On April 2, 2008, during his stay there, Palermo alleges that MCDC Officer Parent required him to perform some type of work at the jail. Parent threatened to impose punitive discipline on Palermo if he refused to work. Palermo states that he did not receive minimum wage for the work he performed.

Palermo also alleges that during his time at the MCDC, he was provided with only one razor per week. While they are not being used, inmates' razors are kept in non-airtight envelopes in a bin with other similarly enveloped razors. The razors are not disinfected prior to being stored in this manner. Palermo contends that this storage method creates a risk of germ-spreading among inmates.

Discussion

I.  Section 1983 Claims

Section 1983 creates a cause of action against those who, acting under color of state law, violate federal constitutional or statutory law.  See 42 U.S.C. § 1983[2]; Parratt v. Taylor, 451 U.S. 527, 535 (1981) (overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-331 (1986)); Wilson v. Town of Mendon, 294 F.3d 1, 6 (1st Cir. 2002).  In order for a defendant to be held liable under § 1983, his or her conduct must have caused the alleged constitutional or statutory deprivation.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978); Soto v. Flores, 103 F.3d 1056, 1061-62 (1st Cir. 1997).  Because Palermo's claims allege violations of federal constitutional and statutory law by state actors, his suit arises under § 1983.

---

[2] 42 U.S.C. § 1983 provides that:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

4

II.  <u>Pretrial Detainee Status</u>

Palermo was a pretrial detainee at the MCDC at the time the events he describes occurred.  Detainees have a constitutional right under the due process clause of the Fourteenth Amendment to be free of punishment.  <u>See</u> <u>Surprenant v. Rivas</u>, 424 F.3d 5, 15 (1st Cir. 2005) (citing <u>O'Connor v. Huard</u>, 117 F.3d 12, 15 (1st Cir. 1997)).  However, challenged conditions or restrictions which can be rationally related to some legitimate administrative goal or security concern generally will not be deemed unconstitutional "punishment."  <u>O'Connor</u>, 117 F.3d at 15.  Because the Due Process Clause prohibits the infliction of punishment on a person prior to a judgment of conviction, the issue in evaluating claims by a pretrial detainee is ultimately whether the conditions of confinement were reasonably related to a legitimate state interest or were intended instead as punishment.  <u>See</u> <u>Surprenant</u>, 424 F.3d at 13; <u>Collazo-Leon v. U.S. Bureau of Prisons</u>, 51 F.3d 315, 317 (1st Cir. 1995).

III. <u>Claims Related to Work at the MCDC</u>

A.  <u>Thirteenth Amendment</u>

Palermo alleges a violation of his Thirteenth Amendment right to be free from involuntary servitude.  Specifically, he

alleges that he was made to work at the MCDC under threat of punishment for refusal.  Palermo contends that requiring him to work while he is a pretrial detainee is a violation of the Thirteenth Amendment's prohibition against involuntary servitude.[3]  As discussed above, Palermo's status as a pretrial detainee protects him from punishment for his charged offense prior to his conviction.  Accordingly, Palermo could not be assigned work as punishment for his pending criminal charges.  However, this prohibition does not mean that any work requirement at a correctional facility constitutes involuntary servitude in violation of the Thirteenth Amendment.  See Tourscher v. McCullough, 184 F.3d 236, 242 (3d Cir. 1999) (inmate's pretrial status does not preclude prison from requiring an inmate to perform "general housekeeping responsibilities" consistently with the Constitution); Ford v. Nassau County Executive, 41 F. Supp. 2d 392, 397 (E.D.N.Y. 1999).  "[T]o state a claim under the Thirteenth Amendment, a plaintiff must demonstrate he has been

---

[3]Section 1 of the Thirteenth Amendment provides as follows:

> Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.

subjected to 'compulsory labor akin to African slavery which in practical operation would tend to produce like undesirable results.'" Id. at 401 (quoting Butler v. Perry, 240 U.S. 328, 332 (1916)).  A court evaluating a claim alleged under the Thirteenth Amendment must consider the context of the claim, including factors such as "the nature and amount of work demanded, and the purpose for which it is required," in its consideration.  Ford, 412 F. Supp. 2d at 401.

Although Palermo does not state what specific work he was required to perform at the MCDC, he has alleged no facts which indicate, or allow me to infer, that the work he was required to perform either exceeded the range of "general housekeeping responsibilities," much less rivaled the burden of African slavery, was intended as punishment, or was otherwise unconstitutionally punitive.  Accordingly, I find that Palermo has failed to state sufficient facts to state a claim for relief under the Thirteenth Amendment and I recommend the claim be dismissed.

   B.   FLSA

Palermo alleges a violation of his right to receive minimum wage for work performed under the Fair Labor Standards Act, 29

U.S.C. § 201, et seq. ("FLSA"), by the MCDC. Palermo states that he did not receive the minimum wage, to which he claims entitlement, for the work he performed. The FLSA was passed by Congress to ensure that those individuals defined under the statute as "employees" were treated and paid fairly by their employers so that they might be able to maintain an adequate standard of living. 29 U.S.C. § 206(a)(1). In the prison context, the needs of all inmates are provided for, and earned wages are not necessary to maintaining an adequate standard of living. See Tourscher, 184 F.3d at 243-44; Villareal v. Woodham, 113 F.3d 202, 205 (11th Cir. 1997) (citing Goldberg v. Whitaker House Coop., Inc., 366 U.S. 28, 33 (1961)). Accordingly, courts have held that the protections of FLSA do not employ to prisoners performing work at the prison during their incarceration. See Tourscher, 184 F.3d at 243 (citing Danneskjold v. Hausrath, 82 F.3d 37, 42-43 (2d Cir. 1996) for the proposition that "no Court of Appeals has ever questioned the power of a correctional institution to compel inmates to perform services for the institution without paying the minimum wage."); Villareal, 113 F.3d at 207; Hendrickson v. Nelson, 2006 WL 2334838, *1 (E.D. Wis. 2006). Accordingly, I find that Palermo, as a prisoner

performing work at the prison, cannot challenge the MCDC's failure to pay him minimum wage under the FLSA.  I recommend that this claim be dismissed.

IV.  Endangerment Claim

Palermo alleges that his safety was endangered when MCDC officials allowed his razor to be comingled with other used razors in a non-sterile manner.  The safety and security of all prisoners is protected by the constitution.  See DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 190 (1989); Youngberg v. Romeo, 457 U.S. 307, 315-16 (1982).  To state a constitutional claim that the defendants endangered him, Palermo must allege that the defendants were aware of and deliberately indifferent to a serious risk to his safety.  See Burrell v. Hampshire County, 307 F.3d 1, 7 (1st Cir. 2002).  Here, the basis of Palermo's claim is merely speculation about ills that he supposes could occur given the storage system of used razors at the MCDC.  Palermo points to no incidents of razor contamination, and no damage to his, or anyone's, health as a result of the storage of razors in proximity to each other.  I find that, absent some specific showing of real harm, or an obvious and substantial risk of actual harm, Palermo has failed to state

sufficient facts to allege an endangerment claim upon which relief might be granted. Accordingly, I recommend dismissal of this claim.

## Conclusion

For the reasons stated herein, I recommend dismissal of this action. Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See <u>Unauthorized Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:   September 17, 2008

cc:   Christopher M. Palermo, pro se

10